

# Paycheck Protection Program
## Borrower Application Form

OMB Control No.: 3245-0407
Expiration Date: 09/30/2020

**Check One:** ☐ Sole proprietor ☐ Partnership ☐ C-Corp ☐ S-Corp ☒ LLC
☐ Independent contractor ☐ Eligible self-employed individual
☐ 501(c)(3) nonprofit ☐ 501(c)(19) veterans organization
☐ Tribal business (sec. 31(b)(2)(C) of Small Business Act) ☐ Other

**DBA or Tradename if Applicable:** Little Darlings

**Business Legal Name:** DV Diamond Club of Flint, LLC

**Business Address:** 2431 S Dort Hwy, Flint, MI 48429

**Business TIN (EIN, SSN):** [redacted]

**Business Phone:** 989 288 2643

**Primary Contact:** [redacted]

**Email Address:** [redacted]

**Average Monthly Payroll:** $ [redacted]   x 2.5 + EIDL, Net of Advance (if Applicable) Equals Loan Request: $ [redacted]

**Number of Employees:** [redacted]

**Purpose of the loan (select more than one):** ☒ Payroll ☒ Lease / Mortgage Interest ☒ Utilities ☐ Other (explain): _____

## Applicant Ownership

List all owners of 20% or more of the equity of the Applicant. Attach a separate sheet if necessary.

| Owner Name | Title | Ownership % | TIN (EIN, SSN) | Address |
|---|---|---|---|---|
| [redacted] | | | | |

*If questions (1) or (2) below are answered "Yes," the loan will not be approved.*

| Question | Yes | No |
|---|---|---|
| 1. Is the Applicant or any owner of the Applicant presently suspended, debarred, proposed for debarment, declared ineligible, voluntarily excluded from participation in this transaction by any Federal department or agency, or presently involved in any bankruptcy? | ☐ | ☒ |
| 2. Has the Applicant, any owner of the Applicant, or any business owned or controlled by any of them, ever obtained a direct or guaranteed loan from SBA or any other Federal agency that is currently delinquent or has defaulted in the last 7 years and caused a loss to the government? | ☐ | ☒ |
| 3. Is the Applicant or any owner of the Applicant an owner of any other business, or have common management with, any other business? If yes, list all such businesses and describe the relationship on a separate sheet identified as addendum A. | ☒ | ☐ |
| 4. Has the Applicant received an SBA Economic Injury Disaster Loan between January 31, 2020 and April 3, 2020? If yes, provide details on a separate sheet identified as addendum B. | ☐ | ☒ |

*If questions (5) or (6) are answered "Yes," the loan will not be approved.*

| Question | Yes | No |
|---|---|---|
| 5. Is the Applicant (if an individual) or any individual owning 20% or more of the equity of the Applicant subject to an indictment, criminal information, arraignment, or other means by which formal criminal charges are brought in any jurisdiction, or presently incarcerated, or on probation or parole?<br>Initial here to confirm your response to question 5 → _____ | ☐ | ☒ |
| 6. Within the last 5 years, for any felony, has the Applicant (if an individual) or any owner of the Applicant 1) been convicted; 2) pleaded guilty; 3) pleaded nolo contendere; 4) been placed on pretrial diversion; or 5) been placed on any form of parole or probation (including probation before judgment)?<br>Initial here to confirm your response to question 6 → _____ | ☐ | ☒ |
| 7. Is the United States the principal place of residence for all employees of the Applicant included in the Applicant's payroll calculation above? | ☒ | ☐ |
| 8. Is the Applicant a franchise that is listed in the SBA's Franchise Directory? | ☐ | ☒ |

**EXHIBIT H**
**Page 1**



# Paycheck Protection Program
## Borrower Application Form

**By Signing Below, You Make the Following Representations, Authorizations, and Certifications**

CERTIFICATIONS AND AUTHORIZATIONS

I certify that:
- I have read the statements included in this form, including the Statements Required by Law and Executive Orders, and I understand them.
- The Applicant is eligible to receive a loan under the rules in effect at the time this application is submitted that have been issued by the Small Business Administration (SBA) implementing the Paycheck Protection Program under Division A, Title I of the Coronavirus Aid, Relief, and Economic Security Act (CARES Act) (the Paycheck Protection Program Rule).
- The Applicant (1) is an independent contractor, eligible self-employed individual, or sole proprietor or (2) employs no more than the greater of 500 or employees or, if applicable, the size standard in number of employees established by the SBA in 13 C.F.R. 121.201 for the Applicant's industry.
- I will comply, whenever applicable, with the civil rights and other limitations in this form.
- All SBA loan proceeds will be used only for business-related purposes as specified in the loan application and consistent with the Paycheck Protection Program Rule.
- To the extent feasible, I will purchase only American-made equipment and products.
- The Applicant is not engaged in any activity that is illegal under federal, state or local law.
- Any loan received by the Applicant under Section 7(b)(2) of the Small Business Act between January 31, 2020 and April 3, 2020 was for a purpose other than paying payroll costs and other allowable uses loans under the Paycheck Protection Program Rule.

For Applicants who are individuals: I authorize the SBA to request criminal record information about me from criminal justice agencies for the purpose of determining my eligibility for programs authorized by the Small Business Act, as amended.

CERTIFICATIONS

The authorized representative of the Applicant must certify in good faith to all of the below by **initialing** next to each one:

_AJ_ The Applicant was in operation on February 15, 2020 and had employees for whom it paid salaries and payroll taxes or paid independent contractors, as reported on Form(s) 1099-MISC.

_AJ_ Current economic uncertainty makes this loan request necessary to support the ongoing operations of the Applicant.

_AJ_ The funds will be used to retain workers and maintain payroll or make mortgage interest payments, lease payments, and utility payments, as specified under the Paycheck Protection Program Rule; I understand that if the funds are knowingly used for unauthorized purposes, the federal government may hold me legally liable, such as for charges of fraud.

_AJ_ The Applicant will provide to the Lender documentation verifying the number of full-time equivalent employees on the Applicant's payroll as well as the dollar amounts of payroll costs, covered mortgage interest payments, covered rent payments, and covered utilities for the eight-week period following this loan.

_AJ_ I understand that loan forgiveness will be provided for the sum of documented payroll costs, covered mortgage interest payments, covered rent payments, and covered utilities, and not more than 25% of the forgiven amount may be for non-payroll costs.

_AJ_ During the period beginning on February 15, 2020 and ending on December 31, 2020, the Applicant has not and will not receive another loan under the Paycheck Protection Program.

_AJ_ I further certify that the information provided in this application and the information provided in all supporting documents and forms is true and accurate in all material respects. I understand that knowingly making a false statement to obtain a guaranteed loan from SBA is punishable under the law, including under 18 USC 1001 and 3571 by imprisonment of not more than five years and/or a fine of up to $250,000; under 15 USC 645 by imprisonment of not more than two years and/or a fine of not more than $5,000; and, if submitted to a federally insured institution, under 18 USC 1014 by imprisonment of not more than thirty years and/or a fine of not more than $1,000,000.

_AJ_ I acknowledge that the lender will confirm the eligible loan amount using required documents submitted. I understand, acknowledge and agree that the Lender can share any tax information that I have provided with SBA's authorized representatives, including authorized representatives of the SBA Office of Inspector General, for the purpose of compliance with SBA Loan Program Requirements and all SBA reviews.

_____    Date 4/6/2020
Signature of Authorized Representative of Applicant

Angie ▬▬▬▬▬▬▬▬▬▬    Title CPA
Print Name

**EXHIBIT H**
**Page 2**

Paycheck Protection Program

Addendum A - Certification Regarding Affiliation

Applicant Business: __DV Diamond Club of Flint, LLC__

Below, list and describe the relationship for any other businesses the Applicant or any owner of the Applicant has:
1) ownership in AND/OR
2) common management with

| Business Name | Owner Name | % Owned | Relationship (i.e. title) | No. of Employees |
|---|---|---|---|---|
| | See attached | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

I certify that I have disclosed the names and relationships of any other business the Applicant or any owner of the Applicant has ownership in or common management with.

[signature redacted]
Signature of Owner of Applicant Business

Date: 4/6/2020

[name redacted]
Print Name

Title: CPA

**EXHIBIT H**
**Page 3**

## ADDENDUM A
███████ OWNS MORE THAN 50%

| * * * CORPORATE NAME * * * | OWNERSHIP INFORMATION | # OF EMPLOYEES |
|---|---|---|
| ███ | ███ | 20 |
| ███ | ███ | 14 |
| ███ | ███ | 61 |
| ███ | ███ | 17 |
| ███ | ███ | 17 |
| ███ | ███ | 52 |
| ███ | ███ | 25 |
| ███ | ███ | 37 |
| ███ | ███ | 133 |
| ███ | ███ | 46 |
| ███ | ███ | 3 |
| ███ | ███ | 10 |
| ███ | ███ | 50 |
| ███ | ███ | 3 |
| | Total Employees | 488 |



Page 1 of 1

**EXHIBIT H**
**Page 4**

Paycheck Protection Program

Addendum B - Economic Injury Disaster Loan (EIDL)

*Provide details below about any SBA Economic Injury Disaster Loan received between January 31, 2020 and April 3, 2020:*

**Applicant Business:** DV Diamond Club of Flint, LLC

1. **Note Date:** N/A

2. **Loan Amount:**

3. **Use of Proceeds:**

4. **Have you received an "advance" under an EIDL COVID-19 loan?** Yes:_____  No:_____

    ➢ If Yes, how much was the "advance"? _____

_____  4/6/2020
Signature of Owner of Applicant Business    Date

_____  CPA
Print Name    Title

**EXHIBIT H**
**Page 5**

Paycheck Protection Program

Addendum C - Additional Owners

*If applicable, list additional owners of 20% or more of the equity of the Applicant that did not fit on the first page of the application.*

Applicant Business: DV Diamond Club of Flint, LLC

| Owner Name | Title | Owner-ship % | TIN (EIN, SSN) | Address |
|---|---|---|---|---|
| | N/A | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

_____
Signature of Owner of Applicant Business

_____
Print Name

4/6/2020
Date

CPA
Title

Paycheck Protection Program
Addendum D - Certification

Applicant Business: __DV Diamond Club of Flint, LLC__

_AW_ I certify that Applicant was in operation on February 15, 2020 and had employees for whom the Applicant paid salaries and payroll taxes or paid independent contractors, as reported on Form(s) 1099-MISC.

_AW_ I certify that current economic uncertainty makes this loan request necessary to support the ongoing operations of the Applicant.

_AW_ I certify that the funds will be used to retain workers and maintain payroll or make mortgage interest payments, lease payments, and utility payments.

_AW_ I certify that the Applicant has not received another Paycheck Protection Program loan.

_AW_ I certify that Applicant (select one):
  ____ Is an independent contractor, eligible self-employed individual, or sole proprietor.

  _X_ Employs no more than the greater of 500 or employees or, if applicable, meets the size standard in number of employees established by the SBA in 13 C.F.R. 121.201 for the Applicant's industry.

_AW_ I certify that the Applicant is eligible under the Paycheck Protection Program Rule. *See attached letter*

_____  4/6/2020
Signature of Owner of Applicant Business    Date

_____  CPA
Print Name    Title

**EXHIBIT H**
**Page 7**

LAW OFFICES
**SHAFER & ASSOCIATES, P.C.**
A PROFESSIONAL CORPORATION
3800 CAPITAL CITY BLVD., SUITE 2
LANSING, MI 48906
E-MAIL info@bradshaferlaw.com
PHONE: 517-886-6560
FAX: 517-886-6565

BRADLEY J. SHAFER
ALSO MEMBER, AZ BAR
Brad@bradshaferlaw.com

MATTHEW J. HOFFER
Matt@bradshaferlaw.com

To whom it may concern:

The purpose of this letter is to briefly discuss one aspect of the Payroll Protection Program ("PPP") loan application process as it is currently being administered under the recently enacted CARES Act; that being the particular provision found in 13 C.F.R. § 120.110(p), that could be construed (I believe incorrectly) to prohibit SBA loans to any and all "adult" businesses under the belief that they present entertainment of a "prurient sexual nature."

The term "prurient" is one part, of one element, of the three-prong legal test of "obscenity," which is the topic of my comments below. But before I discuss that in detail, I'd like to first share with you some of my credentials so that you can make your own evaluation of my qualifications to speak on this topic.

I have been an attorney since 1984 and am licensed in both Michigan and Arizona. I am also fully admitted to practice law before, and has actually practiced in, the United States District Courts for both the Eastern and Western Districts of Michigan, for both the Southern and Central Districts of Illinois, the Northern District of Indiana, the Western District of Texas, the Third, Fourth, Sixth, Seventh, Eighth, and Ninth Circuits of the United States Court of Appeals, as well as the United States Supreme Court.

My practice concentrates on two primary areas of the law: First Amendment (Free Speech and expression) litigation -- which I believe to be particularly relevant to the subject of this letter -- and labor law. I am a past President of the First Amendment Lawyers Association (a national organization of trial lawyers who specialize in the protection of First Amendment rights) and am Chairman Emeritus of that group, and was one of the attorneys in the Supreme Court case of Barnes v. Glen Theatre, which established the constitutional protections of nude performance dance entertainment.

Because of my qualifications regarding Free Speech and expression rights, I have also received special permission to litigate and argue cases across the country in various federal and state courts in California, Connecticut, Florida, Georgia, Illinois, Indiana, Iowa, Kentucky, Missouri, North Carolina, Nevada, New Jersey, New York, Ohio, South Dakota, Tennessee, Washington, and West Virginia.

**EXHIBIT H**
**Page 8**

April 6, 2020
Page 2

---

Moreover, I am a published author on the topic of legal obscenity (again, relevant to the topic here). See, for example, Shafer, Patent Offensiveness: The Black Hole of Miller, 10 Thomas M. Cooley Law Review 1, 1-69 (1993) (this is the most comprehensive law review article ever published on this topic, and is particularly relevant to the issues I discuss below); Shafer, Sex, Lies, and Videotape: In Critique of the Miller Test of Obscenity, 70 Michigan Bar Journal No. 10, 1038-1045 (October 1991); Shafer, Jurisprudence of Doubt: Obscenity, Indecency and Morality at the Dawn of the 21st Century, 84 Michigan Bar Journal No. 6, 22-26 (June 2005); Linz, Donnerstein, Land, McCall, Scott, Shafer, Klein, and Lance, Estimating Community Standards: The Use of Social Science Evidence in an Obscenity Prosecution, 55 Public Opinion Quarterly 1, 80-112 (Spring 1991); and Linz, Shafer, Donnerstein, Land, Graesser, and McCall, Discrepancies Between the Legal Code and Community Standards for Sex and Violence: An Empirical Challenge to Traditional Assumptions in Obscenity Law, 29 Law & Society Review 1, 127-168 (1995).

That having been said and without getting into an esoteric analysis with full legal citations, the most important thing I believe that I can impart to you is that the concept of "prurience" has no legal recognition except as part of legal test of obscenity, which looks at whether:

> The average person, applying contemporary community standards, would find that the work, taken as a whole, appeals to the prurient interest;
>
> Applying contemporary community standards, the work depicts or describes, in a patently offensive way, sexual conduct specifically defined by applicable state law; and
>
> A reasonable person would find that the work lacks serious literary, artistic, political, or scientific value.

This comes from three Supreme Court cases: Miller v. California, Smith v. United States, and Pope v. Illinois.

Moreover, the Supreme Court has been clear that all three test elements must be found to exist before the expression can be found to be devoid of constitutional protection (the case of Reno v. ACLU). Simply put, constitutional protections do not evaporate based on a finding of just one of these test elements. In that regard, I would point out that the PPP regulations distributed on Thursday even specifically state that all loans guaranteed by the SBA pursuant to the CARES Act will be made consistent with constitutional protections, including the First Amendment.

April 6, 2020
Page 3

You should also understand that the Supreme Court has specifically defined "prurient appeal." It means a "shameful or morbid," and "unhealthy" interest in sex, as opposed to a normal, healthy, interest in sex. This comes from two other Supreme Court decisions: Roth v. United States and Brockett v. Spokane Arcades, with the Court noting in Brockett that government cannot ban entertainment that, "taken as a whole, does no more than arouse 'good, old fashioned, healthy' interest in sex." This definition certainly does not encompass all "adult" entertainment. And, the Supreme Court has been clear that mere nudity in-and-of-itself does not make an entertainment performance legally obscene.

With these fundamental legal concepts in mind, it should be clear that performance dance entertainment, whether it be clothed, "topless," or even fully nude, does not satisfy these legal precepts, and indeed there is absolutely no history here whatsoever of any performances being charged with, let alone being convicted of, being legally obscene.

First, the performances at issue are not legally obscene in that they do not satisfy the three tests of obscenity (all of which are constitutionally required, and there has never been even an allegation that they do). Second, the performances at issue do not satisfy even the single prong of being of a "prurient" sexual nature because they do not appeal to a "shameful or morbid," and "unhealthy" interest in sex as specifically defined by the Supreme Court -- particularly when applying the "contemporary community standards" which must be done in these legal circumstances.

Consequently, it is my opinion that the denial of a PPP loan based upon these regulatory provisions (which are not found in the PPP, nor are they contained in the PPP loan applications themselves) would be an unconstitutional action in-and-of itself.

As you are aware, last Thursdays' regulations make clear that these loans are to be issued on a "first-come, first-served" basis. The wrongful denial of a PPP loan application based upon the "prurient sexual nature" regulation (again, not adopted in the PPP itself) could then result in irreparable harm both to the applying business and, even more importantly, its innocent employees who are engaged in a perfectly legal – and indeed constitutionally protected – occupation, if the loan funds are exhausted before this matter can be rectified.

Finally, let me point out SBA Standard Operating Procedure, Lender Development Company Loan Programs, Doc. No. SOP 50 10 5(J) (January 1, 2018), which states, at Section 15(c) thereof (p. 93), that in the event you have an applicant that "may have a business aspect of a prurient sexual nature," you are to "submit your analysis and supporting documentation to the SBA at PSMReview@sba.gov for an eligibility determination."

April 6, 2020
Page 4

---

      I'd be happy to discuss these matters in further detail with you and/or provide to you any supporting materials that you may desire in order to verify my comments above. Should you have any further questions, please feel free to call me currently on my cell at 517-285-5222 (I'm home-bound right now because of the pandemic), or email me at brad@bradshaferlaw.com. Thank you for your consideration in this matter.

      Sincerely:

      Brad Shafer

**EXHIBIT H**
**Page 11**

Paycheck Protection Program
Addendum E - Additional Information

Applicant Business: DV Diamond Club of Flint, LLC

**1. Use of Proceeds:**

*Estimate* the use of the Loan Proceeds requested (sum should equal requested loan amount). Enter "0" if no loan funds are going toward a certain purpose:

Payroll: ▮▮▮▮▮

Lease/Mortgage Interest: ▮▮▮▮▮

Utilities: _____

Other (_____): _____

**2. Business Description:**

Please briefly describe the nature of your business: Bar/nightclub

**3. Franchise Information:**
Is the Applicant a franchise?   Yes: _____   No: X

If yes, list the franchise: _____

▮▮▮▮▮                                     4/6/2020
Signature of Owner of Applicant Business      Date

▮▮▮▮▮                                     CPA
Print Name                                    Title

**EXHIBIT H**
**Page 12**