UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**DV DIAMOND CLUB OF FLINT, LLC**
d/b/a Little Darlings, *et al.*

      Plaintiffs,    Case No. 4:20-cv-10899
                                          Hon. Matthew F. Leitman
v.    Hon. David R. Grand
                                              by referral

**UNITED STATES SMALL BUSINESS ADMINISTRATION,** *et al.*

      Defendants.

_____

Bradley J. Shafer (P36604)
Brad@BradShaferLaw.com
Matthew J. Hoffer (P70495)
Matt@BradShaferLaw.com
**SHAFER & ASSOCIATES, P.C.**
3800 Capital City Blvd., Suite 2
Lansing, Michigan 48906
517-886-6560 – Telephone
*Attorneys for All Plaintiffs*

Gary S. Edinger (Fla. 0606812)
GSEdinger12@gmail.com
**BENJAMIN, AARONSON, EDINGER & PATANZO, P.A.**
305 N.E. 1st Street
Gainesville, Florida 320601
352-338-4440 - Telephone
*Co-Counsel for Plaintiffs JCB of Gainesville, Inc., and V.C. Lauderdale, Inc.*

Peter E. Garrell
PGarrell@FortisLaw.com
**FORTIS, LLP**
650 Town Center Drive, Suite 1530
Costa Mesa, California 92626
714-795-2363 - Telephone
*Attorneys for Spearmint Rhino affiliated Plaintiffs*

_____

**PLAINTIFFS' MOTION FOR LEAVE
TO FILE DOCUMENTS UNDER SEAL**

NOW COME all Plaintiffs, by and through their undersigned counsel of record, and pursuant to Fed. R. Civ. P. 5.2 and 26(c) and E.D. Mich. LR 5.3, hereby move the Court to enter an order permitting Plaintiffs to file under seal the materials specified herein.  In support, Plaintiffs state:

1.  Per E.D. Mich. LR 5.3(b)(3)(A)(i), Plaintiffs provide the following "index of documents which are proposed for sealing and, as to each document, whether any party objects."  Plaintiffs also note that although the Defendants do not object to the requested sealing, due to time constraints, Defendants were provided a description of the document but not an actual opportunity to review the document.  As to each document and unless otherwise specified, Plaintiffs only seek to redact the name of the lending institutions and non-counsel individuals involved.

| Exhibit | Description of Document | Objection |
|---|---|---|
| A | Declaration of Matthew J. Hoffer, Esq. Re: Authentication of Documents | No |
| A-1 | Hoffer email correspondence with lender | No |
| A-2 | Denial letter from lender | No |
| A-3 | Denial letter from lender | No |
| A-4 | Texts between lender and Plaintiff borrower | No |
| B | Declaration of Larry Byrne, Esq., Re: Authentication of Documents | No |
| B-1 | Email correspondence between Byrne and lender | No |
| B-2 | Email correspondence between Byrne and lender | No |
| B-3 | Email correspondence between Byrne and lender | No |
| B-4 | Email correspondence between Byrne and lender | No |
| C | Declaration of George Polakis | No |
| C-1 | Shafer & Associates letter provided to Lender | No |

| C-2 | Email chain between Polakis and Lender | No |

2. Per E.D. Mich. LR 5.3(b)(3)(A)(ii), Plaintiffs provide the following "description of any non-party or third-party privacy interests that may be affected if the documents or portions thereof to be sealed were publicly disclosed on the court record": the third-party interests involved include the interests of the lenders and their employees. Identifying these entities and persons publically could leave them exposed to retribution and ridicule from organizations and individuals opposed to adult businesses on moral, religious, or personal grounds.

3. Per E.D. Mich. LR 5.3(b)(3)(A)(iii), Plaintiffs state that the materials are being provided on an expedited basis in support of an emergency motion for temporary restraining order and preliminary injunction. There has been no opportunity for a protective order to be negotiated or entered, or for the materials to be designated confidential under any protective order.

4. Per E.D. Mich. LR 5.3(b)(3)(A)(iv), Plaintiffs rely on the detailed analysis in the accompanying brief in support, as to why this request satisfies the controlling legal authority.

5. Per E.D. Mich. LR 5.3(b)(3)(A)(v), a redacted version of the documents to be sealed are filed as exhibits hereto and labeled "REDACTED VERSION OF DOCUMENTS TO BE SEALED."

6. Per E.D. Mich. LR 5.3(b)(3)(A)(vi), Plaintiffs will file unredacted versions of the documents labeled "UNREDACTED VERSION OF DOCUMENTS TO BE SEALED PURSUANT TO LR 5.3(b)(3)(A)(iii)," with highlighting corresponding to the redactions in the documents filed herewith.

WHEREFORE, for the foregoing reasons, Plaintiffs respectfully request that the Honorable Court enter an order granting this motion and specifying that the portions of the documents sealed are in accordance with the redactions contained in the exhibits to this motion and brief.

Respectfully submitted,

Dated: April 26, 2020

*/s/ Bradley J. Shafer*

BRADLEY J. SHAFER (MI P36604)
Brad@BradShaferLaw.com
MATTHEW J. HOFFER (MI P70495)
Matt@BradShaferLaw.com
SHAFER & ASSOCIATES, P.C.
3800 Capital City Boulevard, Suite 2
Lansing, Michigan 48906
(517) 886-6560
*Attorneys for All Plaintiffs*

## BRIEF IN SUPPORT OF
## PLAINTIFFS' MOTION FOR LEAVE
## TO FILE DOCUMENTS UNDER SEAL

During the Parties' April 20, 2020 status conference, Bradley J. Shafer, counsel for all Plaintiffs, explained that Plaintiffs wished to gather and file materials tending to show that, but for the provisions challenged by this suit, Plaintiffs' lenders would be able to process and/or approve Plaintiffs' applications for CARES Act's Paycheck Protection Program loans. However, Plaintiffs sought to file those materials under seal to protect their relationship with their lenders and to avoid holding those lenders out for public scorn by the opponents of adult businesses, for doing business with Plaintiffs. This motion formally requests to file those materials under seal.

### DETAILED ANALYSIS

> The legal standards governing Amerisure's motion to seal are well established. It is long-settled, for instance, that the Court "has supervisory power over its own records and files," Nixon v. Warner Communications, Inc., 435 U.S. 589, 598, 98 S.Ct. 1306, 55 L.Ed.2d 570 (1978), and that this authority includes allowing parties to file certain documents under seal. See Fed. Rule Civ. Proc. 26(c). The Court, however, must balance this power with the "long-established legal tradition" of public access to court documents. Brown & Williamson Tobacco Corporation v. Federal Trade Commission, 710 F.2d 1165, 1177 (6th Cir.1983). "Only the most compelling reasons can justify non-disclosure of judicial records." In re Knoxville

NewsSentinel Co., Inc., 723 F.2d 470, 476 (6th Cir.1983). Amerisure Mut. Ins. Co. v. Everest Reinsurance Co., 14-CV-13060, 2014 WL 5481107, at *1 (E.D. Mich. Oct. 29, 2014).

The party seeking to seal the documents bears the burden of overcoming the presumption of openness typically afforded judicial proceedings. Shane Group, Inc., v. Blue Cross Blue Shield of Michigan, 825 F.3d 299, 306 (6th Cir. 2016). *See also* Rudd Equip. Co. v. John Deere Constr. & Forestry Co., 934 F.3d 589, 593-96 (6th Cir. 2016). The sealing must also be narrowly tailored to serve the purpose of the sealing. Shane Grp., 825 F.3d at 305-06.

> In general, "compelling reasons" sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such "court files might have become a vehicle for improper purposes," such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets.

Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1179 (9th Cir. 2006) (citing Nixon v. Warner Communications, inc., 435 U.S. 589, 598 (1978) (other citation omitted).

Here, Plaintiffs seek to seal two portions of proposed documents 1) those portions identifying the names of the lenders and their employees, and 2) those

6

portions identifying the specific amount of loans sought by specific Plaintiff applicants. The first category applies to all redactions in the attached exhibits except those in Appendix A within **Exhibit A-3**, which is the specific loan amounts for the specific entities.

As to the first category, the compelling reasons to seal are Plaintiffs' fundamental First Amendment Rights. As explained on the record by Mr. Shafer at the April 26, 2020 status conference and set forth in the Verified First Amended Complaint ("FAC") [ECF No. 11, ¶ 515, PgID.360], due to Operation Chokepoint, these Plaintiffs already struggle to find banking institutions to do business with them. Further, Attacking business support services, including financial institutions and mechanisms, is an established strategy for suppressing unpopular speech. *See, e.g.*, Backpage.com, LLC v. Dart, 807 F.3d 229 (7th Cir. 2015) (sheriff harassed charge card companies to stop doing business with plaintiff to squelch its speech). Providing access to the names of the financial institutions and their employees would open up those non-parties to harassment aimed at suppressing Plaintiffs' expressive activities. And, making that information public risks Plaintiffs losing their banking or lending institutions, thus, negating the purpose of the present suit and interfering with Plaintiffs' ability to engage in First Amendment activity or support services for those activities.

As to the second category, the specific loan amounts, that information is not being provided to the Court as a basis for decision. That information will be redacted on even the sealed version as counsel is taking steps to make sure the various Plaintiffs do not have access to each other's private financial information. Thus, the public is not deprived of any information being used as a basis for decision. *See* Kamakana, 447 F.3d at 1179 (noting the presumption is reversed for non-dispositive matters, especially discovery matters). In addition, Plaintiffs do not intend to keep the total aggregate amount of the loans Plaintiffs seek or the number of employees of any Plaintiff confidential. Because PPP loan amounts are a multiple of payroll, disclosing the amounts for individual clubs tends to uncover the entities' pay strategy, which is akin to a trade secret. The non-dispositive nature and low value of the information to the public together with uncovering pay strategy supplies a sufficiently compelling reason to seal the information.

Plaintiffs also note that, pursuant the undersigned's regular practices, the email addresses of non-attorneys will also be redacted to protect those individuals' privacy and avoid unwanted data farming or solicitation. Plaintiffs further note that the documents already contained certain highlighting of *substantive* portions of the documents to draw the Court's attention, which will not be redacted and which is not redacted on the exhibits hereto.

## CONCLUSION

WHEREFORE, for the foregoing reasons, Plaintiffs respectfully request that the Honorable Court enter an order granting this motion and specifying that the portions of the documents sealed are in accordance with the redactions contained in the exhibits to this motion and brief.

Respectfully submitted,

Dated: April 26, 2020

/s/ Matthew J. Hoffer
BRADLEY J. SHAFER (MI P36604)
Brad@BradShaferLaw.com
MATTHEW J. HOFFER (MI P70495)
Matt@BradShaferLaw.com
**SHAFER & ASSOCIATES, P.C.**
3800 Capital City Boulevard, Suite 2
Lansing, Michigan 48906
(517) 886-6560
*Attorneys for All Plaintiffs*

## CERTIFICATE OF SERVICE

I certify that on April 26, 2020, I electronically filed the foregoing document with the Clerk of the Court using the ECF system, which will send notification of such filing to all counsel of record.

/s/ Matthew J. Hoffer
Matthew J. Hoffer (MI P70495)
**SHAFER & ASSOCIATES, P.C.**