UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**DV DIAMOND CLUB OF FLINT, LLC**
d/b/a Little Darlings, *et al.*

   **Plaintiffs,**        Case No. 4:20-cv-10899
               Hon. Matthew F. Leitman
v.              Hon. David R. Grand
                by referral

**UNITED STATES SMALL BUSINESS
ADMINISTRATION,** *et al.*

   **Defendants.**

_____

**DECLARATION OF GEORGE POLAKIS**

I, George Polakis, hereby declare as follows:

 1. I make this declaration upon my personal knowledge, unless specifically stated to the contrary.

 2. I am employed as a manager of Polmour, Inc. ("Polmour" or the "Club"), a plaintiff in this above-captioned suit. Polmour is what is colloquially described as a gentlemen's club or an "adult business." Polmour presents female performance dance entertainment which is fully clothed and, at times topless.

3. I have acted on behalf of Polmour in its attempt to secure a Paycheck Protection Program ("PPP") loan.

4. On Friday, April 3, 2020, I submitted PPP loan application for Polmour with ▮▮▮▮▮▮▮▮. The application then changed and I resubmitted Polmour's application for a PPP loan, on or about the same day.

5. On or about Monday, April 6, 2019, I was contacted by ▮▮▮▮▮▮, who identified herself as a Lending Assistant with ▮▮▮▮▮ and requested that I submit additional items in support of the PPP loan application. I supplied ▮▮ and ▮▮▮▮▮ with all the requested materials.

6. Later that day, ▮▮ contacted me and informed me that "▮▮▮▮▮ will not be able to assist with the Paycheck Protection Program Loan. This is because of the type of business Polmour, Inc [sic] is categorized under."

7. On or about Tuesday, April 7, 2020, I responded by providing ▮▮ with a letter drafted by Bradley J. Shafer of Shafer and Associates, P.C., explaining Polmour's position that it did not present or derive income from performances or services that are "prurient," so as to disqualify Polmour from receiving a PPP loan. A true and accurate copy of that letter is attached hereto as **Exhibit 1**.

8. ▮▮ responded back to me and asked that I contact ▮▮▮▮▮ President, ▮▮▮▮▮▮.

9. Also on or about Tuesday, April 7, 2020, I called ▬▬▬, who asked who had instructed me to call him. I responded that ▬▬ had requested I call him. ▬▬▬ stated he would call me back in ten minutes.

10. ▬▬▬ called me a back a short time later, stated that Polmour, Inc. was indeed eligible for a PPP loan, and instructed me to work with a bank employee, ▬▬▬▬▬▬▬▬▬.

11. Also on or about Tuesday, April 7, 2020, I called ▬▬▬ who stated that she was overwhelmed and would call me back. Before she could call me back and also that same day, ▬▬▬ called me back and informed me that Polmour was not eligible for a PPP loan due to SBA regulations.

12. I understood ▬▬▬ statement to me to mean that Polmour was not eligible for a PPP loan because it was a gentlemen's club. No ▬▬▬▬▬ employee has instructed me, nor am I otherwise aware, of any other reason Polmour is not eligible to receive a PPP loan.

[REMAINDER OF PAGE INTENTIONALLY BLANK]

13. A true an accurate copy of my email correspondence with ▮ at ▮ is attached hereto as **Exhibit 2**. Except, my email correspondence with my attorney is redacted from the very top of **Exhibit 2**.

**I CERTIFY UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.**

Executed on: _____   By: _____
                                      George Polakis

LAW OFFICES
SHAFER *&* ASSOCIATES, P.C.
A PROFESSIONAL CORPORATION
3800 CAPITAL CITY BLVD., SUITE 2
LANSING, MI 48906
E-MAIL info@bradshaferlaw.com
PHONE: 517-886-6560
FAX: 517-886-6565

BRADLEY J. SHAFER
ALSO MEMBER, AZ BAR
Brad@bradshaferlaw.com

MATTHEW J. HOFFER
Matt@bradshaferlaw.com

To whom it may concern:

The purpose of this letter is to briefly discuss one aspect of the Payroll Protection Program ("PPP") loan application process as it is currently being administered under the recently enacted CARES Act; that being the particular provision found in 13 C.F.R. § 120.110(p), that could be construed (I believe incorrectly) to prohibit SBA loans to *any and all* "adult" businesses under the belief that they present entertainment of a "prurient sexual nature."

The term "prurient" is one part, of one element, of the three-prong legal test of "*obscenity*," which is the topic of my comments below. But before I discuss that in detail, I'd like to first share with you some of my credentials so that you can make your own evaluation of my qualifications to speak on this topic.

I have been an attorney since 1984 and am licensed in both Michigan and Arizona. I am also fully admitted to practice law before, and has actually practiced in, the United States District Courts for both the Eastern and Western Districts of Michigan, for both the Southern and Central Districts of Illinois, the Northern District of Indiana, the Western District of Texas, the Third, Fourth, Sixth, Seventh, Eighth, and Ninth Circuits of the United States Court of Appeals, as well as the United States Supreme Court.

My practice concentrates on two primary areas of the law: First Amendment (Free Speech and expression) litigation -- which I believe to be particularly relevant to the subject of this letter -- and labor law. I am a past President of the First Amendment Lawyers Association (a national organization of trial lawyers who specialize in the protection of First Amendment rights) and am Chairman Emeritus of that group, and was one of the attorneys in the Supreme Court case of *Barnes v. Glen Theatre*, which established the constitutional protections of nude performance dance entertainment.

Because of my qualifications regarding Free Speech and expression rights, I have also received special permission to litigate and argue cases before various appellate courts across the country, including the:

| | |
|---|---|
| Kentucky Supreme Court | North Carolina Supreme Court |
| Nevada Supreme Court | Tennessee Supreme Court |
| New Jersey Supreme Court | |

April 24, 2020
Page 2

_____

| | |
|---|---|
| New York Court of Appeals (that state's highest court) | North Carolina Court of Appeals |
| Florida Court of Appeals | Ohio Court of Appeals |
| Iowa Court of Appeals | Tennessee Court of Appeals |
| Kentucky Court of Appeals | Texas Court of Appeals |
| | Washington Court of Appeals |

Similarly, I have received special permission to litigate such cases in various federal district courts, including the Central District of California; the District of Connecticut; the Middle District Florida; the Middle District of Georgia; the Northern District of Illinois; the Southern District of Indiana; the Southern District of Iowa; the Western District of Kentucky; the Western District of Missouri; the Western District of North Carolina; the Northern District of Ohio; the Southern District of Ohio; the District of South Dakota; the Western District of Tennessee; the Middle District of Tennessee; the Western District of Washington; and the Northern District of West Virginia.

Along the same lines, I have also received special permission to appear in various state trial courts in such states as California, Florida, Indiana, Kentucky, Massachusetts, Minnesota, Missouri, Nevada, New Jersey, North Carolina, Ohio, Tennessee, Texas, and Washington.

Moreover, I am a published author on the topic of legal obscenity. *See*, for example, Shafer, *Patent Offensiveness: The Black Hole of Miller*, 10 Thomas M. Cooley Law Review 1, 1-69 (1993) (this is the most comprehensive law review article ever published on this topic, and is particularly relevant to the issues I discuss below); Shafer, *Sex, Lies, and Videotape: In Critique of the Miller Test of Obscenity*, 70 Michigan Bar Journal No. 10, 1038-1045 (October 1991); Shafer, *Jurisprudence of Doubt: Obscenity, Indecency and Morality at the Dawn of the 21st Century*, 84 Michigan Bar Journal No. 6, 22-26 (June 2005); Linz, Donnerstein, Land, McCall, Scott, Shafer, Klein, and Lance, *Estimating Community Standards: The Use of Social Science Evidence in an Obscenity Prosecution*, 55 Public Opinion Quarterly 1, 80-112 (Spring 1991); and Linz, Shafer, Donnerstein, Land, Graesser, and McCall, *Discrepancies Between the Legal Code and Community Standards for Sex and Violence: An Empirical Challenge to Traditional Assumptions in Obscenity Law*, 29 Law & Society Review 1, 127-168 (1995).

That having been said and without getting into an esoteric analysis with full legal citations, the most important thing I believe that I can impart to you is that the concept of "*prurience*" has no legal recognition *except* as part of legal test of obscenity, which looks at whether:

> The average person, applying contemporary community standards, would find that the work, *taken as a whole*, appeals to the *prurient interest*;

[Type here]

_____

> Applying contemporary community standards, the work depicts or describes, in a patently offensive way, sexual conduct specifically defined by applicable state law; *and*
>
> A reasonable person would find that the work lacks serious literary, artistic, political, or scientific value.

This comes from three Supreme Court cases: *Miller v. California*, *Smith v. United States*, and *Pope v. Illinois*.

Moreover, the Supreme Court has been clear that *all three* test elements must be found to exist before the expression can be found to be devoid of constitutional protection (the case of *Reno v. ACLU*). Simply put, constitutional protections do not evaporate based on a finding of just one of these test elements. In that regard, I would point out that the PPP regulations distributed on Thursday even specifically state that all loans guaranteed by the SBA pursuant to the CARES Act will be made consistent with constitutional protections, including the First Amendment.

You should also understand that the Supreme Court has *specifically defined* "prurient appeal." It means a "*shameful or morbid,*" and "*unhealthy*" interest in sex, as opposed to a normal, healthy, interest in sex. This comes from two other Supreme Court decisions: *Roth v. United States* and *Brockett v. Spokane Arcades*, with the Court noting in *Brockett* that government cannot ban entertainment that, "taken as a whole, *does no more than arouse 'good, old fashioned, healthy' interest in sex*." This definition certainly does *not* encompass all "adult" entertainment. And, the Supreme Court has been clear that *mere nudity* in-and-of-itself does *not* make an entertainment performance legally obscene.

With these fundamental legal concepts in mind, it should be clear that performance dance entertainment, whether it be clothed, "topless," or even fully nude, does not satisfy these legal precepts, and indeed there is absolutely *no history here* <u>whatsoever</u> of any performances being charged with, let alone being convicted of, being legally obscene.

First, the performances at issue are not legally obscene in that they do not satisfy the three tests of obscenity (all of which are constitutionally required, and there has never been even an *allegation* that they do). Second, the performances at issue do not satisfy even the *single* prong of being of a "prurient" sexual nature because they do not appeal to a "*shameful or morbid,*" and "*unhealthy*" interest in sex as specifically defined by the Supreme Court -- particularly when applying the "contemporary community standards" which must be done in these legal circumstances.

Consequently, it is my opinion that the denial of a PPP loan based upon these regulatory provisions (which are *not* found in the PPP, nor are they contained in the PPP loan applications themselves) would be an unconstitutional action in-and-of itself.

[Type here]

April 24, 2020
Page 4

_____

As you are aware, Thursdays' regulations make clear that these loans are to be issued on a "first come, first served" basis. The wrongful denial of a PPP loan application based upon the "prurient sexual nature" regulation (again, *not* adopted in the PPP itself) could then result in irreparable harm both to the applying business and, even more importantly, its innocent employees who are engaged in a perfectly legal – and indeed *constitutionally protected* – occupation, if the loan funds are exhausted before this matter can be rectified.

Finally, let me point out SBA Standard Operating Procedure, Lender Development Company Loan Programs, Doc. No. SOP 50 10 5(J) (January 1, 2018), which states, at Section 15(c) thereof (p. 93), that in the event you have an applicant that "*may* have a business aspect of a prurient sexual nature," you are to "submit your analysis and supporting documentation to the SBA at PSMReview@sba.gov for an eligibility determination."

I'd be happy to discuss these matters in further detail with you and/or provide to you any supporting materials that you may desire in order to verify my comments above. Should you have any further questions, please feel free to call me currently on my cell at 517-285-5222 (I'm home-bound right now because of the pandemic), or email me at brad@bradshaferlaw.com. Thank you for your consideration in this matter.

Sincerely:

Brad Shafer

[Type here]

**Declaration of**                                                                  **EXHIBIT 1**
**Polakis**        **REDACTED VERSION OF DOCUMENTS TO BE SEALED**        **Page 4**

[REDACTED]

---------- Forwarded message ---------
From: [REDACTED]
Date: Tue, Apr 7, 2020 at 9:24 AM
Subject: RE: tax returns poulmore
To: George Polakis [REDACTED]
Cc: [REDACTED]

Hi George,

Please give our Area President a call in regards to this. His info is below.

[REDACTED]

[REDACTED] **President**

[REDACTED]

Thank you,

[REDACTED]

1

**Declaration of Polakis**  REDACTED VERSION OF DOCUMENTS TO BE SEALED  **EXHIBIT 2 Page 1**



**From:** George Polakis
**Sent:** Tuesday, April 7, 2020 9:08 AM
**To:**
**Subject:** Fwd: tax returns poulmore

"Finally, let me point out SBA Standard Operating Procedure, Lender Development Company Loan Programs, Doc. No. SOP 50 10 5(J) (January 1, 2018), which states, at Section 15(c) thereof (p. 93), that in the event you have an applicant that "may have a business aspect of a prurient sexual nature," you are to "submit your analysis and supporting documentation to the SBA at PSMReview@sba.gov for an eligibility determination.""

---------- Forwarded message ---------
From: **George Polakis**
Date: Tue, Apr 7, 2020 at 9:05 AM
Subject: Re: tax returns poulmore
To:

please read the second to last paragraph.

On Mon, Apr 6, 2020 at 6:58 PM ███████████████████████████████████ wrote:

Hi George,

Upon further review, ███████████ will not be able to assist with the Paycheck Protection Program Loan. This is because of the type of business Polmour, Inc is categorized under.

I apologize for any inconvenience this causes.

Thank you,

███████████████

███████████

███████████

█████████████████

██████████████████████

█████████████████

████████████████████████

██████████████████

██████████████

██████████████

██████████████████████

████████████████████████████

3

**Declaration of Polakis**     REDACTED VERSION OF DOCUMENTS TO BE SEALED     **EXHIBIT 2 Page 3**

**From:** George Polakis
**Sent:** Monday, April 06, 2020 12:35 PM
**To:**
**Subject:** Re: tax returns poulmore

approximate business start date 8-1-2001

contact Theo Polakis

Name of the control person who performs the day to day operations of the business : George Polakis

# of employees who will be compensated during current pay period:53

# of employees who will be hired/rehired as a result of the PPP loan: 53

# of employees who would be let go if you didn't receive the PPP loan : 35

_by laws articles of incorporation.odt_

:

On Mon, Apr 6, 2020 at 10:17 AM                                                                    wrote:

> Hello,
>
> Below is the list of what is needed. I will need all the information listed below to process the request. Please send in one email once you have gather everything, and Ashley Raabe on the reply as well. Thank you so much for your patience during this process!
>
> Things to note:
>
> - Business must have been operating on Feb 15th, 2020 and have employees that you paid salaries & payroll taxes on.

- Full loan amount is not eligible for forgiveness

- Knowingly making a false statement to get a loan under this program is punishable by law

- Business has under 500 employees

- The application is the only hard copy that will be needed, please drop off via our drive thru at any time as it is not needed to send in your loan request

Items needed:

- PPP Application Form (must use the latest version attached; please use black ink if possible)

- 2019 3rd party payroll provider's detailed report for all employees OR 2019 Business prepared detail report for all employees if not using a 3rd party payroll provider (Provide Jan 2020-Feb 2020 if not operating for full 2019)

- Detail or Summary report of Feb 2020 payroll from an authorized representative of the applicant certifying the # of employees & certifying the business was operating Feb 15th, 2020

- IRS Forms 940 & 941 for 2019

- Name, title, address (including zip code), Tax ID/SNN, % ownership of all owners who make up the entity (business applicant)

- Name of the control person who performs the day to day operations of the business

- Entity documents for the business/applicant, including a Borrowing Resolution which states who can borrow money for the business

- Evidence of an existing EIDL loan if you have taken one out

- Beneficial Ownership Form (attached)

- Picture of driver license for all business owners & the control person

- Last year's tax return (2019 or 2018)

- Mailing & physical address of the entity/applicant (include the zip code)

- Name & address of all authorized signers for the business/entity & whether or not they will be signing for this loan

- Approximate date business was established

- \# of employees who will be compensated during current pay period, # of employees who will be hired/rehired as a result of the PPP loan, # of employees who would be let go if you didn't receive the PPP loan

- Borrower/applicant name must match your entity documents

- Cell phone # of primary contact for this loan



**From:** George Polakis
**Sent:** Friday, April 03, 2020 12:22 PM

6

**To:** ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
**Subject:** Fwd: tax returns poulmore

*****Security Note: EXTERNAL EMAIL - Please exercise caution and DO NOT open attachments or click on links from unknown or unexpected emails.

polmour inc two years tax return

---------- Forwarded message ---------
From: **george polakis** ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
Date: Fri, Apr 3, 2020 at 12:18 PM
Subject: Fwd: tax returns poulmore
To: ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

---------- Forwarded message ---------
From: **Jimmy Thompson** ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
Date: Fri, Apr 3, 2020 at 10:29 AM
Subject: tax returns poulmore
To: george polakis ▓▓▓▓▓▓▓▓▓▓▓▓▓

This transmission may contain information that is privileged, confidential and or exempt from disclosure under applicable law. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of the information contained herein (including any reliance thereon) is STRICTLY PROHIBITED. If you received this transmission in error, please immediately contact the sender and destroy the material in its entirety, whether in electronic or hard copy format. Thank you.

This transmission may contain information that is privileged, confidential and or exempt from disclosure under applicable law. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of the information contained herein (including any reliance thereon) is STRICTLY PROHIBITED. If you received this transmission in error, please immediately contact the sender and destroy the material in its entirety, whether in electronic or hard copy format. Thank you.

This transmission may contain information that is privileged, confidential and or exempt from disclosure under applicable law. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of the information contained herein (including any reliance thereon) is STRICTLY PROHIBITED. If you received this transmission in error, please immediately contact the sender and destroy the material in its entirety, whether in electronic or hard copy format. Thank you.