

**U.S. Department of Justice**
*Civil Division*
*Federal Programs Branch*

April 29, 2020

<u>Via E-Mail</u>
Bradley J. Shafer, Brad@BradShaferLaw.com
Matthew J. Hoffer, Matt@BradShaferLaw.com
SHAFER & ASSOCIATES, P.C.
3800 Capital City Blvd., Suite 2
Lansing, Michigan 48906

      Re:    *DV Diamond Club of Flint, LLC d/b/a Little Darlings v. U.S. Small Business Administration*, No. 4:20-cv-10899

Dear Counsel:

      In response to Plaintiffs' April 23, 2020 Notice of Deposition under Fed. R. Civ. P. 30(b)(6), the Small Business Administration ("SBA") provides this letter in advance of the April 30, 2020 hearing on Plaintiffs' motion for a preliminary injunction. In the event Plaintiffs' notice becomes pertinent at the hearing, and in advance of conferring with Plaintiffs on the appropriate scope of any deposition, SBA identifies below some of the grounds on which SBA objects and would seek relief from the Court, if necessary, regarding the deposition. Many of the topics Plaintiffs have described are irrelevant and overly broad, and preparing a witness to testify to them would be unduly burdensome. In listing the grounds for objection below, SBA does not waive other grounds not specified. SBA will provide, at the appropriate time, a full statement of the grounds on which a protective order is warranted, as well as an alternative list of reasonably delimited topics.

      Where, as here, a notice of deposition "is overbroad as to time and scope and not reasonably tailored to matters relevant to th[e] case," the adverse party has "good cause for a protective order quashing the deposition." *See Stacy v. H & R Block Tax Serv., Inc.*, No. 07-CV-13327, 2011 WL 807563, at *2 (E.D. Mich. March 2, 2011) (granting protective order quashing defective Rule 30(b)(6) notice). That is certainly the situation here. Plaintiffs have facially challenged 13 C.F.R. § 120.110(p) and its implementing Standard Operating Procedure ("SOP") (SOP 50-10-5(K), Subp. B, Chap. II, § III(A)(15)(a)(ii) at 114) as unconstitutionally vague in that they lack "precision in draftsmanship." *See* PI Mem. 23-26 (Doc. 12) (emphasis altered). Even apart from the failure of that challenge under the precedents described by SBA (*see* PI Opp. 25-28 (Doc. 24)), the proposed topics are not "reasonably tailored . . . to matters relevant" to the facial challenge. *Stacy*, 2011 WL 807563, at *2.

**EXHIBIT B**
**PAGE 1**

Topic 1: *What the phrase "prurient sexual nature" as contained in the Regulations means, and what that definition is based on.*

This Topic is overly broad, and a deposition on it would not be proportionate to the needs of the case. Questions about the meaning of the regulation would impermissibly call for a fact witness to state a legal conclusion. That is, interpretation of the regulation is a question of law for the Court, not a fact question for the deponent. *See J.P. Morgan Chase Bank v. Liberty Mut. Ins. Co.*, 209 F.R.D. 361, 363 (S.D.N.Y. 2002) (disallowing FRCP 30(b)(6) deposition topic that, "[u]nder the guise of requesting 'facts,'" in actuality sought "defendants' mental impressions, conclusions, opinions, *and legal theory*") (emphasis added). Alternatively, the Topic is more efficiently addressed through an interrogatory to SBA.

## Applications Of The "Prurient Sexual Nature" Regulations

Topic 2: *How the SBA determines whether entertainment is of a "prurient sexual nature," as that phrase is used in the Regulations, so as to justify the denial of an application for an SBA guaranteed loan.*

Topic 3: *How Approved Lending Institutions are to determine whether entertainment is of a "prurient sexual nature," as that phrase is used in the Regulations, so as to justify the denial of an application for an SBA guaranteed loan.*

These topics regarding details of administration are irrelevant to Plaintiffs' facial challenge to § 120.110(p) and its SOP. Moreover, they are overly broad, unduly burdensome, not proportionate to the needs of the case, and not described with reasonable particularity. Additionally, the premise of Topic 3 regarding the role of "Approved Lending Institutions" is inaccurate, because SBA, not a lender, makes the final decision on eligibility, through the process specified in the SOP (Subp. B, Chap. II, § III(A)(15)(c)).

## The Guidance Topics

Topic 4: *Any and all Guidance Issued by the SBA to local SBA offices and/or Approved Lending Institutions Regarding how to Apply the Regulations.*

Topic 5: *Any and all Guidance Issued by the SBA to local SBA offices and/or Approved Lending Institutions Regarding how to Apply the SOP.*

Topic 6:  *Any and all Guidance Issued by the SBA to local SBA offices and/or Approved Lending Institutions Regarding how the Regulations are to Apply to loan applications under the PPP.*

Topic 7:  *Any and all Guidance Issued by the SBA to local SBA offices and/or Approved Lending Institutions Regarding how the SOP is to Apply to loan applications under the PPP.*

Topic 8:  *Any and all Guidance Issued by the SBA to local SBA offices and/or Approved Lending Institutions Regarding how to review the entertainment presented or sold by loan applicants in order to determine whether the Regulations and/or the SOP would require application denial.*

These topics regarding details of administration are irrelevant to Plaintiffs' facial challenge to § 120.110(p) and its SOP.  Moreover, in light of the availability of other discovery, these Topics as overly broad, not proportionate to the needs of the case, and not described with reasonable particularity.  Under Rule 26(b)(2)(C), the Court "must limit the frequency or extent of discovery otherwise allowed" if, among other things, the discovery sought is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, and less expensive," or "the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case."  Fed. R. Civ. P. 26(b)(2)(C)(i), (iii).

Here, Plaintiffs could obtain the exact same information they request through a Rule 30(b)(6) deposition in the form of documents or interrogatory responses, and preparing an individual to provide the same information would be inefficient, a waste of resources, and an unreasonable burden on SBA.  Additionally, the premise of these topics regarding the role of "Approved Lending Institutions" and local SBA offices is inaccurate.   As stated in the SOP, if a lender finds that an applicant may have a business aspect of a prurient sexual nature, then prior to submitting an application or requesting a loan number the lender must document and submit its analysis and supporting documentation to the SBA Associate General Counsel for Litigation in Washington, D.C., not to an SBA local office, for a final Agency decision on eligibility.  *See* SOP Subp. B, Chap. II, § III(A)(15)(c).

**The "Entertainment" Topic**

Topic 9:  *The entertainment of each Denied Plaintiff that was reviewed by the SBA prior to it rendering a decision to deny such loan application.*

This Topic regarding details of administration is irrelevant to Plaintiffs' facial challenge to § 120.110(p) and its SOP. Moreover, the premise of the topic that SBA "render[ed] a decision" as to each Plaintiff is inaccurate, where numerous Plaintiffs allege they learned they were not eligible under § 120.110(p) through "Verbal Denial" from their lenders, but where Plaintiffs do not allege that their lenders sought final SBA decisions on eligibility, through the process specified in the SOP (Subp. B, Chap. II, § III(A)(15)(c)). *See* PI Mem. Ex. E (Doc. 12-6).

**The Loan Forgiveness Topics**

Topic 10:  *How the Regulations are to be used by the SBA and/or by Approved Lending Institutions to determine loan forgiveness under the PPP.*

Topic 11:  *How the SOP is to be used by the SBA and/or by Approved Lending Institutions to determine loan forgiveness under the PPP.*

These topics regarding details of administration are irrelevant to Plaintiffs' facial challenge to § 120.110(p) and its SOP. Moreover, these topics duplicate other topics noticed, making the discovery sought "unreasonably cumulative or duplicative" and therefore improper. *See* Fed. R. Civ. P. 26(b)(2)(C). As Plaintiffs recognize, the same regulation that they challenge as the basis for the denial of their applications for PPP loans, 13 C.F.R. § 120.110(p), is the regulation under which SBA would determine their eligibility for SBA financial assistance as to loan forgiveness. *See, e.g.*, Am. Compl. ¶ 85. Additionally, the premise of these topics regarding the role of "Approved Lending Institutions" is inaccurate, because SBA, not a lender, makes the final decision on eligibility, through the process specified in the SOP (Subp. B, Chap. II, § III(A)(15)(c)).

**The PSMR Review Topics**

Topic 12:  *Submissions to* PSMReview@sba.gov *under the PPP Regarding the Regulations and/or the SOP.*

Topic 13:  *Determinations made by the SBA on loan eligibility Regarding the Regulations and/or the SOP that resulted from submissions to* PSMReview@sba.gov *under the PPP*.

These topics regarding details of administration are irrelevant to Plaintiffs' facial challenge to § 120.110(p) and its SOP. Moreover, these topics are overly broad, unduly burdensome, not proportionate to the needs of the case, and not described with reasonable particularity. To the contrary, collecting, reviewing, and

producing all submissions with no period of time specified to limit the information to the claims in this case, and then preparing a designee to speak on this broad topic, would be extremely burdensome. As such, a Rule 30(b)(6) deposition on this topic is disproportionate to the needs of the case. Moreover, this topic is unreasonably duplicative of other discovery sought in this case and seeks information that can be obtained more easily from other sources of discovery.

        Sincerely,

        INDRANEEL SUR
        Trial Attorney

        *Counsel for Defendants*

**EXHIBIT B**
**PAGE 5**