**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
(Southern Division)

|  |  |
|---|---|
| DV DIAMOND CLUB OF FLINT, LLC, d/b/a Little Darlings, ) ) ) ) Plaintiff, ) ) v. ) No. 4:20-cv-10899-MFL-DRG ) UNITED STATES SMALL BUSINESS ) ADMINISTRATION, *et al.*, ) ) Defendants. ) ) | |

**NOTICE OF SUPPLEMENTAL AUTHORITY**

During oral argument of Plaintiffs' Renewed Emergency Motion for Entry of a Temporary Restraining Order and/or Preliminary Injunction (ECF No. 12), the Court extended an opportunity to Plaintiffs to bring to the Court's attention any precedent sustaining a claim of viewpoint discrimination raised against a law or regulation concerning material of a "prurient" sexual nature, and extended a corresponding opportunity to Defendants to present authority rejecting such a claim. Pursuant to the Court's invitation, Defendants respectfully direct the Court's attention to *Gen. Media Commc'ns, Inc. v. Cohen*, 131 F.3d 273 (2d Cir. 1997) and *PMG Intern. Div. L.L.C. v. Rumsfeld*, 303 F.3d 1163, 1170–71 (9th Cir. 2002), both attached.

*General Media* concerned the Military Honor and Decency Act, in which Congress had prohibited the sale or rental on military property, or by military or civilian Department of Defense personnel, of "sexually explicit material." *Id.* at 276. The Act defined "sexually explicit material" to mean "an audio recording, a film or video recording, or a periodical with visual depictions . . . the dominant theme of which depicts or describes nudity, including sexual or excretory activity or

organs, in a lascivious way." *Id.* A Department of Defense memorandum defined "lascivious" for purposes of implementing the Act to mean "[l]ewd and intended or designed to elicit a sexual response." *Id.* at 277.[1] The Second Circuit noted further that the Act did not prohibit military personnel from possessing sexually explicit material or sharing it with their comrades, or from purchasing such material from civilian outlets. *Id.* at 277.

The Plaintiffs, publishers, producers, and vendors of various books, periodicals, and videos brought suit contending, *inter alia*, that the Act was unconstitutionally viewpoint-based and vague. *Id.* The court of appeals rejected these arguments, *id.* at 280-82, 286-87, holding that the Act was a reasonable means of promoting the military's image of honor, professionalism, and proper decorum by avoiding any risk that military involvement in the sale of lascivious sexual material might suggest the military's approval or endorsement of such material. *Id.* at 283-84.

Concerning the question of viewpoint bias, the Plaintiffs argued that the Act, by prohibiting sales of material that depicts or describes nudity or sexual activity "in a lascivious way," had impermissibly targeted the "viewpoint" of "lasciviousness." *Id.* at 281. The court of appeals held to the contrary. "To conceive of 'lasciviousness' as a 'specific premise' or "standpoint[")," the court concluded, was "linguistic overreaching." *Id.* at 282. The court explained that

> "lascivious" is much more plausibly understood as helping to identify more particularly the subject matter (*i.e.,* content) that the Act encompasses: namely, depictions of nudity including sexual or excretory activities or organs, but only those depictions that are also lascivious.

*Id.* The court observed that its conclusion found support in several of the Supreme Court's precedents, including *R.A.V. v. St. Paul*, 505 U.S. 377 (1992; *Bethel School Dist. No. 403 v.*

---

[1] As Defendants explained during the April 30, 2020, oral argument in this matter, the Small Business Administration construes the term "prurient," as used in 13 C.F.R. § 120.110(p), to mean arousing lascivious or lustful desire.

*Fraser,* 478 U.S. 675 (1986), and *Board of Educ. v. Pico,* 457 U.S. 853 (1982) (plurality opinion). *Id.* The court also remarked that the Act was not directed to the suppression of speech, but merely "to dissociating the military" from the lascivious sexual material identified by the Act, and therefore fell into a category of laws "that are less likely," under the Supreme Court's precedents, "to be constitutionally offensive on viewpoint grounds." *Id.* at 281 n.10. The Ninth Circuit also rejected a claim of viewpoint-discrimination raised against the Act in *PMG Intern. Div. L.L.C. v. Rumsfeld*, 303 F.3d 1163, 1170–71 (9th Cir. 2002).

Thus, as held in *General Communications* and *PMG International*, the term "lascivious" does not suffer from the kind of "facial viewpoint bias" exhibited by the standard, "immoral and scandalous matter," that the Supreme Court held was an unacceptable basis on which to deny trademark registration in *Iancu v. Brunetti*, 139 S. Ct. 2294, 2300 (2019). *See also Three Expo Events, LLC v. City of Dallas*, 182 F. Supp. 3d 614, 631-32 (N.D. Tex. 2016) (also attached).

Regarding the issue of vagueness, the court in *General Communications* began by observing that the "degree of linguistic precision" required of a statute "varies with the nature— and in particular, with the consequences of enforcement—of the statutory provision." *Id*. at 286. "[A]bsolute linguistic precision" was not required of the Act, therefore, because the sole "penalty" it applied to the plaintiffs was "losing the government's assistance in (re)selling their wares." *Id.* Noting as well the flexibility accorded to Congress in prescribing rules for the governance and regulation of the armed forces, the court held that many of the terms used in the Act, including "lascivious," had been found to be sufficiently clear for constitutional purposes in the past, and that any remaining ambiguity or subjectivity was constitutionally tolerable under applicable vagueness standards. *Id.* at 286-87. Thus, *General Communications* also supports the conclusion that section 120.110(p) is not unconstitutionally vague.

Dated: May 1, 2020

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

DAVID M. MORRELL
Deputy Assistant Attorney General

JOHN R. GRIFFITHS
Director

ERIC WOMACK
Assistant Director

 */s/ James J. Gilligan*
JAMES J. GILLIGAN
Special Litigation Counsel

INDRANEEL SUR
Trial Attorney

United States Department of Justice
Civil Division, Federal Programs Branch
P.O. Box 883, Ben Franklin Station
Washington, DC 20044

Telephone:   (202) 514-3358
E-mail:       james.gilligan@usdoj.gov

*Counsel for Defendants*